PARDON BRIGHTMAN *vs.* INHABITANTS OF FAIRHAVEN.

The construction of a dam across a navigable stream, in such a manner as to obstruct the floating up of spars, gives no right of action to a spar maker who, after the construction of the dam, purchases land above, which would be adapted for use as a spar yard but for this dam, and who, before such construction, occupied other land above for the same purpose.

ACTION OF TORT for the construction of a highway and dam across Herring River, a navigable stream in Fairhaven, and thereby depriving the plaintiff of the right, in the exercise of his trade as a spar maker, to float his spars up the river to his land bounding thereon above the dam, and of all convenient access to the same for the purposes of trade or otherwise, to the special damage of the plaintiff.

At the trial, before *Metcalf*, J., there was evidence of the navigability of the stream, and of its obstruction by the defendants; that the plaintiff was a spar maker, and in 1841 purchased land on the river above the dam, well adapted for use as a spar yard if access to it could be had from the sea by the river; that after 1837, while the gates of the dam were away, he had floated spars up the river to other land above the dam occupied by him as a spar yard; and that the defendants in 1845 filled up the gates, and the plaintiff had since paid rent for the use of land for a spar yard below the dam, and had been obliged to drag part of his spars by land to that yard.

The defendants asked the court to instruct the jury, " that the injury to the plaintiff was an injury which he suffered, if at all, in common with all other citizens of the Commonwealth, by an interruption of the navigability of the stream, if the same was navigable, and for this injury he could not recover damages in this action; the only remedy being by indictment."

The judge declined to give this instruction; but instructed the jury, for the purposes of the trial, " that if they found the stream to be navigable, they would find a verdict for the plaintiff, and assess the damages suffered by him in consequence of

his inability to use the premises purchased by him as a spar yard, and the prevention of his access thereto from the sea, arising from the interruption of said stream by obstructions since 1841."

The jury returned a verdict for the plaintiff, and the judge reported the case to the full court.

*L. F. Brigham,* for the defendants.

*R. C. Pitman,* for the plaintiff.

BIGELOW, J.   The evidence failed to show any special damage sustained by the plaintiff, differing in kind from that to which all other persons owning land upon and having occasion to use the river in question were subjected, which would authorize a verdict for the plaintiff.   It did not appear that the land purchased by the plaintiff in 1841 had ever been used by him as a spar yard, prior to the erection of the obstruction, or since. The damage claimed was therefore merely theoretic, such as might be proved to be sustained by the other owners of land on the stream by reason of its not being navigable, and tending only to show a general depreciation of the land, occasioned by the obstructions in the river.   For such damage the plaintiff could not maintain an action.   *Stetson* v. *Faxon,* 19 Pick. 147. *Smith* v. *Boston,* 7 Cush. 254.   *Brainard* v. *Connecticut River Railroad,* 7 Cush. 511.   *Blood* v. *Nashua & Lowell Railroad,* 2 Gray, 140.                                *Verdict set aside.*